IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GERRY LYNN DAVIS, JR.                                                    PLAINTIFF

v.                                    Civil No. 4:19-cv-04014

DEPUTY GARY DORMAN, Hempstead County
Sheriff; JUSTIN HUGHES, Jail Administrator,
Nevada County Detention Facility; OFFICER
DREW RATHER, Jailer Nevada County
Detention Facility; TOMI HASH; REYN BROWN;
 And CODY FERGERSON                                                     DEFENDANTS

**REPORT AND RECOMMENDATION**

        Before the Court is a Motion to Dismiss (ECF No. 23) filed by Defendant Cody Ferguson.[1]

Plaintiff has filed a Response (ECF No. 27) and Defendant Ferguson has filed a Reply. (ECF No.

36). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O.

Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose

of making a Report and Recommendation.

**I.  BACKGROUND**

        Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on December 28, 2018 in the Eastern

District of Arkansas. (ECF No. 1). On February 4, 2019, the case was transferred to the Western

District of Arkansas, Texarkana Division. (ECF No. 3). Plaintiff failed to submit an *in forma*

*pauperis* ("IFP") application with his Complaint. He also submitted the complaint on a form which

was not approved for this district and signed the complaint with another individual. For these

reasons the Court entered an order on February 11, 2019 directing Plaintiff to submit an IFP

application and amended complaint. (ECF No. 5). Plaintiff submitted an IFP application and

Amended Complaint on March 4, 2019. (ECF Nos. 6, 7). Plaintiff's IFP application was granted

---

[1] Defendant Ferguson is incorrectly identified as "Fergerson" in the case caption.

(ECF No. 8) but Plaintiff failed to sign his Amended Complaint.  The Court ordered Plaintiff to sign his complaint and return it to the Court for filing.  Plaintiff signed and filed his Second Amended Complaint on March 20, 2019.  (ECF No. 11).

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") - Grimes Unit.  The events that form the basis of Plaintiff's claims occurred shortly before and during his incarceration in the Nevada County Jail ("NCJ") in 2018.  Plaintiff has named Deputy Gary Dorman, Jail Administrator Justin Hughes, Officer Drew Rather, Tomi Hash, Reyn Brown and Cody Ferguson as Defendants.  Plaintiff alleges Defendants Dorman, Ferguson, Brown and another unknown Drug Task Force agent unlawfully entered his home on August 30, 2018 searching for another individual.  (ECF No. 11, p. 4).  He refers to this claim as "trespassing".  He also claims these individuals "took $1490 out of my wallet, took us to jail, I paid $5000.00 to bond out they came back Oct 10th claiming; I sold Meth to a confidential source, took me back to jail, forced me to take a plea deal without producing the confidential source, threatening a long prison sentence if I took it to trial."  (ECF No. 11, pp. 4-5).  Plaintiff is suing Defendant Ferguson in his individual and official capacities.  He is seeking compensatory and punitive damages.  (ECF No. 11, p. 14).

On May 20, 2019, Defendant Ferguson filed the instant Motion to Dismiss arguing Plaintiff is asserting only a state law claim – trespassing – and an official capacity claim without alleging a constitutional violation caused by a policy or custom of Ferguson's employer – the City of Prescott, Arkansas.  Defendant Ferguson requests that Plaintiff's claims against him be dismissed as a matter of law.  (ECF No. 23).  On June 12, 2019, Plaintiff filed a Response stating "I plead with court not to grant a dismissal to Cody Ferguson due to fact that he was involved in illegal Search and

Seizure…" (ECF No. 27). Defendant Ferguson filed a Reply contending Plaintiff should be not permitted to amend his complaint in his response. (ECF No. 36).

## II.    APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III.    DISCUSSION

### A.  Individual Capacity Claim

Plaintiff claims Defendant Ferguson and others entered his home on August 30, 2018 looking for another individual, took more than a thousand dollars from his wallet, and arrested him. After he bonded out of jail, Plaintiff claims Defendant Ferguson and others arrested him again on October 10, 2018 for selling "meth to a confidential source, took me back to jail, forced me to take a plea deal without producing the confidential source, threatening a long prison sentence if I took it to trial."

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [the plaintiff] must

allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted).

Here, Plaintiff identifies Defendant Ferguson as one of the individuals who entered his home on August 30, 2018, "with two DTF agents standing in our hallway between us and the back door exit, ordering us out in the yard…  They were looking for someone my son knew. They took $1490.00 out of my wallet, took us to jail…".  (ECF No. 11, pp. 4-5).  As previously stated, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.  Although Plaintiff refers to his claim as "trespassing", the Court construes his claim as one for unlawful search and seizure.  In addition, Plaintiff appears to allege a claim for unlawful arrest on October 10, 2018.  Because Plaintiff has sufficiently stated individual capacity claims against Defendant Ferguson the instant Motion to Dismiss these claims should be denied.

### B.  Official Capacity Claims

Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998).  With respect to official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010).   In this case, Plaintiff's official capacity claims against Defendant Ferguson are treated as claims against his employer, the City of Prescott, Arkansas*. See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of*

4

*Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013).  To establish the City of Prescott's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Plaintiff has not identified any policy, custom or practice of the City of Prescott in his Second Amended Complaint which contributed to a violation of his rights.  Accordingly, all official capacity claims against Defendant Ferguson should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, I recommend Defendant Ferguson's Motion to Dismiss (ECF No. 23) be **GRANTED IN PART and DENIED IN PART**.  I recommend Defendant Ferguson's Motion to Dismiss be **DENIED** as to Plaintiff's individual capacity claims based on the alleged unlawful search and seizure of his home and unlawful arrest.  I recommend Defendant Ferguson's Motion to Dismiss be **GRANTED** as to Plaintiff's official capacity claims against Defendant Ferguson.   The official capacity claim should be **DISMISSED WITH PREJUDICE**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 3rd day of July 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE