IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GERRY LYNN DAVIS, JR.                                                                                    PLAINTIFF

v.                                       Civil No. 4:19-cv-04014

DEPUTY GARY DORMAN, Hempstead County
Sheriff; JUSTIN HUGHES, Jail Administrator,
Nevada County Detention Facility; OFFICER
DREW RATHER, Jailer Nevada County
Detention Facility; TOMI HASH; REYN BROWN;
And CODY FERGERSON                                                                                    DEFENDANTS

## AMENDED REPORT AND RECOMMENDATION

This is a civil rights action filed *pro* se by Plaintiff, Gerry Lynn Davis, Jr., under 42 U.S.C. § 1983. Before the Court is a Motion for Summary Judgment filed by Defendant Cody Ferguson. (ECF No. 69). Plaintiff has filed a Response. (ECF No. 80). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. This Amended Report and Recommendation replaces the original Report and Recommendation entered on April 30, 2020, docketed as (ECF No. 88).[1]

### I. FACTUAL BACKROUND

Plaintiff is currently not in custody and lives in Emmet, Arkansas. His claims against Defendant Ferguson arise from alleged unlawful search and seizures and an arrest which occurred in 2018 in Nevada County, Arkansas. (ECF No. 11).

---

[1] In the original Report and Recommendation, the Court improvidently addressed and dismissed Plaintiff's official capacity claims against Defendant Ferguson when these claims had previously been dismissed on July 24, 2019. (ECF No. 48). Consequently, the Court is filing this Amended Report and Recommendation without addressing Plaintiff's official capacity claims.

On October 3, 2018, Drug Task Force ("DTF") members Defendant Ferguson and separate Defendant Reyn Brown met with a confidential source who stated he could purchase methamphetamine from Plaintiff. (ECF No. 71-1, pp 1-2). As part of the controlled substance purchase, the confidential source and his vehicle were searched and found to be free of any paraphernalia, contraband, and U.S. currency. *Id.*

The confidential source told Defendants Ferguson and Brown he had prearranged a purchase of methamphetamine from Plaintiff at a set price. (ECF No. 71-1). The confidential source was equipped with a recording devise and one hundred forty dollars ($140.00) in U.S. currency. *Id*. Defendants Ferguson and Brown followed the confidential source to Plaintiff's residence located at Nevada 275 and conducted surveillance from a gravel road approximately two blocks away. *Id.*

Immediately following the controlled substance purchase, Defendants Ferguson and Brown met the confidential source at a predetermined location. (ECF No. 71-1). The confidential source returned the recording device to Defendant Brown and provided him with a clear bag containing suspected methamphetamine that he stated was purchased from Plaintiff. *Id.* The confidential source informed Defendants Ferguson and Brown that he arrived at Plaintiff's residence, got out of the vehicle, and knocked on the door. The source stated after a few minutes Plaintiff opened the door. *Id.* The source also told Defendants Ferguson and Brown he handed Plaintiff one hundred and forty dollars ($140.00), and in return, Plaintiff handed the source a clear bag of suspected methamphetamine, which weighed 4.25 grams on an uncalibrated digital scale. *Id.*

Defendant Brown reviewed the video footage obtained from the recording device. On the recording, Defendant Brown heard the confidential source call the man, who answered the door,

by the name of "Gerry".  Defendant Brown observed Plaintiff's body from his feet to his shoulders and could see Plaintiff give the confidential source a clear bag of suspected methamphetamine. Afterwards, the source left the residence.  (ECF No. 71-1).

On October 10, 2018, based on the events surrounding the controlled substance purchase that occurred on October 3, 2018, Defendant Brown executed an Affidavit for Plaintiff's arrest for committing the offense of Delivery of Methamphetamine.  (ECF No. 71-1).  That same day based on Defendant Brown's Affidavit, state court Judge Wright found there were reasonable grounds for believing Plaintiff committed the offense of Delivery of Methamphetamine and issued an arrest warrant for Plaintiff.  (ECF No. 71-5).  *Id.*

In addition, based on multiple controlled substance purchases, including the October 3, 2018 purchase involving Plaintiff, Defendant Brown executed an Affidavit for a Search and Seizure Warrant for Plaintiff's "known residence" described in part as "234 Nevada 275…a red, two story, metal residence with the front door of the residence facing east…first building on the left traveling South on Nevada 275 approximately.5 miles from Highway 73….  (ECF No. 71-2 pp. 1-5).  Based on this affidavit, Judge Wright also issued a Search and Seizure Warrant for Plaintiff's residence.  (ECF No. 71-6).

On October 10, 2018, the Arrest Warrant and Search and Seizure Warrant were executed, and Plaintiff was arrested at the residence described in the warrants by Deputy Morris.[2]  (ECF No. 71-5).

Upon Plaintiff's arrest and execution of the search warrant, agents found controlled substances and paraphernalia, resulting in additional criminal charges against Plaintiff.  (ECF Nos.

---

[2] Deputy Morris is not a named Defendant in this lawsuit.

3

71-8 and 71-9).

On March 11, 2019, Plaintiff pled *nolo contendere* on the charge of Delivery of Methamphetamine resulting from the October 3, 2018 controlled substance purchase. (ECF No. 71-10). That same day, Plaintiff also pled *nolo contendere* to the following charges: "(1) Possession of Drug Paraphernalia to Ingest, Inhale, etc; (2) Use or Possession of Paraphernalia to Conceal, etc.; (3) Possession of Marijuana; and (4) Possession of Paraphernalia." (ECF No. 71-10). Plaintiff was sentenced to sixty (60) months with credit for one-hundred fifty-six (156) days of jail time prior to the sentence in each of the following criminal cases: Nevada County Circuit Court Case Nos. 50CR-18-140, 50CR-18-167 and 50CR-18-186. (ECF No. 71-11, pp. 1-8). The sentences were to run concurrently. *Id.*

On December 28, 2018, Plaintiff filed the instant lawsuit in the Eastern District of Arkansas. (ECF No. 1). On February 4, 2019, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 3). In response to this Court's orders, Plaintiff filed an Amended Complaint on March 6, 2019 (ECF No. 6) and a Second Amended Complaint on March 20, 2019. (ECF No. 11). Plaintiff named the following individuals as Defendants in the Second Amended Complaint: Deputy Gary Dorman, Jail Administrator Justin Hughes, Officer Drew Rather, Tomi Hash, Reyn Brown, and Cody Ferguson.[3] *Id.*

Plaintiff describes his individual capacity claim against Defendant Ferguson[4] as "Trespassing". (ECF No. 11, p. 4.) Specially Plaintiff alleges on August 30, 2018:

> I was awoke by my son with two DTF agents standing in our hallway between us and the back door exit, ordering us out in the yard. They were looking for someone my son knew. They took $1490.00 out of my wallet, took us to jail, I paid $5000.00

---

[3] Defendants Dorman, Hughes, Rather, Hash and Brown have filed summary judgment motions which the Court will address separately. (ECF Nos. 65, 73).

[4] Plaintiff also alleges Defendants Dorman and Brown were involved in the "trespassing" claim.

> to bond out they came back Oct 10th claiming; I sold meth to a confidential source, took me back to jail, forced me to take a plea-deal without producing the confidential source, threatening a long Prison sentence if I took it to trial.

(ECF No. 11, pp. 4-5).

During Plaintiff's deposition taken on January 8, 2020, Plaintiff stated he is not suing Defendant Ferguson for anything that happened during the August 30, 2018 incident stating, "I didn't even know he was there. I don't know that he was there". (ECF No. 71-4, p 6). He went on to testify he is suing Defendant Ferguson and Defendant Brown for unlawful arrest arising from the controlled buy on October 3, 2018 because "they claim I had a controlled buy video of selling meth to a confidential informant…but they never would show it to me…and the arrest warrant he come back with had the wrong address on it." *Id.*

On February 19, 2020, Defendant Ferguson filed a Motion for Summary Judgment and a Brief in Support arguing he is entitled to summary judgment because: 1) Plaintiff's unlawful arrest claim is barred by the *Heck v. Humphrey;* 2) Defendant Ferguson was not directly involved in plaintiff's October 10, 2018, arrest; 3) probable cause existed to arrest Plaintiff; and 4) Defendant Ferguson is entitled to qualified immunity. (ECF Nos. 69, 70).

On April 13, 2020, Plaintiff filed a Response to the summary judgment motion stating Defendant Ferguson did not include Plaintiff's entire deposition testimony with his Statement of Undisputed Facts (ECF No. 71) and "Cody Ferguson failed to provide controlled Buy Video as ordered in Initial Scheduling Order." (ECF No. 80).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (citing, *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. DISCUSSION

### A. Failure to Produce Controlled Buy Video

As an initial matter, the Court notes Plaintiff alleges for the first time in his Response that "Cody Ferguson failed to provide controlled Buy Video as ordered in Initial Scheduling Order." (ECF No. 80). The Court finds this claim is not properly before the Court for decision because Plaintiff did not make any allegations relating to the failure to produce the video in his Second Amended Complaint. Moreover, the proper place for the Court to have considered a failure of a party to turn over a video or other evidence would have been during the discovery phase in this case. Although Plaintiff filed a Motion to Subpoena Body Cam Footage and Control Buy Footage

on December 3, 2019, (ECF No. 59), the Court denied Plaintiff's motion because Plaintiff did not identify "where the video footage was recorded, who recorded the video footage, and which Defendant(s) has possession of the video footage so that a subpoena can be issued." (ECF No. 60). Plaintiff did not file any additional motion requesting production of these videos. Accordingly, I recommend the Court not address Plaintiff's claim set forth in the Response.

### B. Plaintiff's Remaining Claims are barred by *Heck v. Humphry*

Plaintiff alleges in the Second Amended Complaint that Defendant Ferguson was involved in an unlawful search and seizure of his residence on August 30, 2018. (ECF No. 11). He also alleges Defendant Ferguson was involved in a controlled buy of drugs on October 3, 2018 which led to his unlawful arrest on October 10, 2018. However, in his deposition Plaintiff provided his testimony under oath clearly stating he is not suing Defendant Ferguson for the search of his residence in August of 2018 because "I didn't even know he was there. I don't know that he was there". (ECF No. 71-4, p 6).

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed. The *Heck* doctrine has been applied to bar claims for injunctive or declaratory relief and damages. *See Smith v. Norris*, 40 Fed. App'x. 305 (8th Cir. 2002) (unpublished); *Rosendahl v. Norman*, 242 F.3d 376 (8th Cir. 2000).

Here, all of Plaintiff's claims are based on an underlying arrest and prosecution for which he was convicted and sentenced. As previously stated, on March 11, 2019, Plaintiff voluntarily pled *nolo contendere* on the charge of Delivery of Methamphetamine resulting from the October 3, 2018 controlled substance purchase. That same day, Plaintiff also pled *nolo contendere* to: 1) Possession of Drug Paraphernalia to Ingest, Inhale, etc.; 2) Use or Possession of Paraphernalia to Conceal, etc.; 3) Possession of Marijuana; and 4) Possession of Paraphernalia. The record reflects Plaintiff was represented by counsel during these proceedings. Plaintiff has not alleged his convictions have been favorably terminated either by the highest state court or in a federal *habeas* proceeding.

Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek relief pursuant to § 1983 relating to his arrest and his subsequent confinement. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Accordingly, I recommend Defendant Ferguson be granted summary judgment as Plaintiff's claims against him are barred by *Heck v. Humphrey*.[5]

### IV. CONCLUSION

For the reasons stated above, I recommend Defendant Ferguson's Motion for Summary Judgment (ECF No. 69) be **GRANTED** and all individual capacity claims against Defendant Ferguson be **DISMISSED WITH PREJUDICE**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

---

[5] Because the Court has found Plaintiff's claims are barred by *Heck v. Humphrey,* the Court declines to address the issue of qualified immunity.

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 4th day of May 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE